**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**ANTHONY BAKER,**

   **Petitioner,**

**vs.**                                                      **Case No. 3:13cv359/LC/CJK**

**TENA M. PATE, et al.,**

   **Respondents.**
_____/

### REPORT AND RECOMMENDATION

This cause is before the Court upon petitioner's amended habeas corpus petition filed under 28 U.S.C. § 2254 (doc. 5) and supporting memorandum (doc. 6). Respondent Florida Parole Commission ("FPC") moves to dismiss the petition for petitioner's failure to exhaust state court remedies. (Doc. 12). Petitioner has responded in opposition to dismissal. (Doc. 16). Respondent Florida Department of Corrections ("DOC") has filed a limited answer asserting that although it is properly named as a respondent due to petitioner's being in DOC custody, the claims raised in the petition challenge only the actions of the FPC in determining petitioner's presumptive parole release date ("PPRD"), and are therefore properly addressed by the FPC and not the DOC. (Doc. 14). Petitioner has not replied to the DOC's limited answer, although invited to do so. (*See* Doc. 17). The matter is referred to the

undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned further concludes that the pleadings and attachments before the Court show that the amended petition should be dismissed without prejudice for petitioner's failure to exhaust state court remedies.

BACKGROUND AND PROCEDURAL HISTORY

Petitioner is in the custody of the DOC serving a life sentence (for first degree murder) imposed by the Circuit Court for Escambia County, Florida on November 29, 1989. (Doc. 1, p. 1; Doc. 12, p. 2). Petitioner's amended petition challenges the FPC's decision setting petitioner's PPRD. Petitioner's first three claims assert that the FPC improperly calculated petitioner's PPRD by using three factors (petitioner's use of a firearm during commission of his offense, petitioner's unsatisfactory institutional conduct, and petitioner's having been on probation at the time of his offense) to both score petitioner under the guidelines and to justify a decision above the guidelines. (Doc. 5, pp. 4-7; *see also* Doc. 6, pp. 1-3). Petitioner's fourth claim asserts: "Florida Parole Commission lack jurisdiction over the Petitioner based upon the fact that Petitioner isn't sentenced under said statute that gives the Florida Parole Commission's authority over him." (*Id*., p. 9; *see also* Doc. 6, p. 4). As relief, petitioner seeks "a hearing before this Honorable Court." (*Id*., p. 13).

The FPC moves to dismiss the petition on the grounds that although petitioner exhausted his administrative remedies, he has not exhausted his state court remedies with respect to any of his claims. (Doc. 12).

DISCUSSION

Section 2254 provides that before federal habeas relief can be granted, the petitioner must exhaust all available state court remedies with respect to his claims, 28 U.S.C. § 2254(b)(1),[1] thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*quoting Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). The petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Picard*, 404 U.S. at 277-78. A state prisoner challenging the decision of a state parole commission is subject to § 2254 and its attendant restrictions, including the exhaustion requirement. *Thomas v. Crosby*, 371 F.3d 782 (11th Cir. 2004) (holding that Florida state prisoner's challenge to FPC's decision concerning his parole eligibility, including the setting of his presumptive parole release date, was subject to both 28 U.S.C. § 2241 and 28 U.S.C. § 2254).

---

[1]Section 2254 provides, in pertinent part:

(b)(1)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

    (A)  the applicant has exhausted the remedies available in the courts of the State; or

    (B) (i)  there is an absence of available State corrective process; or

        (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

In Florida, exhaustion of administrative remedies is required before seeking judicial review of an FPC decision or action. *Roth v. Crosby*, 884 So. 2d 407, 408 n.1 (Fla. 2d DCA 2004) (citations omitted). Upon exhaustion of administrative remedies, a prisoner may seek judicial review of the FPC's action by filing a petition for writ of mandamus in the appropriate circuit court. *Sheley v. Fla. Parole Comm'n*, 720 So. 2d 216, 217 (Fla.1998) ("Mandamus is an accepted remedy for reviewing an order of the Florida Parole Commission.") (citations omitted); *see also Roth v. Crosby*, 884 So. 2d 407, 408 (Fla. 2d DCA 2004) (noting that a PPRD is challenged by petition for writ of mandamus against the Commission, filed in the Circuit Court in Leon County, unless the Commission waives home venue privilege) (citations omitted). A circuit court order denying mandamus relief is reviewable either by appeal (if decided on grounds other than the merits) or certiorari (if decided on the merits) in the state district court of appeal. *Sheley*, 720 So. 2d at 217 (*citing* Fla. R. App. P. 9.030); *Roth*, 884 So.2d at 408 n. 2. According to the amended petition (and as the FPC asserts and petitioner's reply does not dispute), petitioner has not pursued relief in the state circuit court or district court of appeal. (Doc. 5, pp. 4-10; Doc. 12, p. 4; Doc. 16).

Petitioner argues in opposition to dismissal that he satisfied the exhaustion requirement because he filed an administrative appeal to the FPC pursuant to Fla. Stat. § 947.173, and the FPC "granted said review but failed to change the Petitioner's presumptive parole release date." (Doc. 16, p. 3). Petitioner asserts that further exhaustion was not required because of "the granting of administrative appeal." (*Id*.). Petitioner has attached a copy of the administrative appeal to his reply. (Doc. 16, App. A).

Review of the administrate appeal demonstrates that although the FPC granted <u>review</u>, it did not grant <u>relief</u>. The FPC stated: "Pursuant to Section 947.173, Florida Statues, the Commission granted administrative review to your recent appeal and found that the issues raised in your administrative review request do not merit modification of your assigned date." (Doc. 16, App. A). Before petitioner may seek federal habeas review of the FPC's decision, he must exhaust his state court remedies.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and

recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.  That respondent Florida Parole Commission's motion to dismiss (doc. 12) be GRANTED.

2.  That the amended § 2254 petition (doc. 5) challenging the FPC's setting of petitioner's presumptive parole release date be DISMISSED WITHOUT PREJUDICE for petitioner's failure to exhaust state court remedies.

3.  That the clerk be directed to close the file.

4.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 14th day of November, 2013.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).